# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-3960-16T1
                A-3961-16T1

NEW JERSEY DIVISION OF CHILD
PROTECTION AND PERMANENCY,

    Plaintiff-Respondent,

v.

K.F. and T.F.,

    Defendants-Appellants.

_____

IN THE MATTER OF THE GUARDIANSHIP
OF W.F. and E.F.,

    Minors.

_____

        Submitted September 27, 2018 – Decided October 26, 2018

        Before Judges Simonelli and O'Connor.

        On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Ocean County, Docket No. FG-15-0050-15.

Joseph E. Krakora, Public Defender, attorney for appellant K.F. (Albert M. Afonso, Designated Counsel, on the brief).

Joseph E. Krakora, Public Defender, attorney for appellant T.F. (Christine Olexa Saginor, Designated Counsel, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Jason W. Rockwell, Assistant Attorney General, of counsel; Salima E. Burke, Deputy Attorney General, on the brief).

Joseph E. Krakora, Public Defender, Law Guardian, attorney for minors (Michele C. Scenna, Designated Counsel, on the brief).

PER CURIAM

Defendants K.F. (Karen),[1] the biological mother, and T.F. (Thomas), the biological father, of E.F. (Elizabeth), born in 2011, and W.F. (Wyatt), born in 2012, appeal from the May 3, 2017 judgment of guardianship terminating their parental rights to the children. On appeal, Karen contends the trial judge failed to apply the prevailing legal standard when he terminated the parental rights of a parent the judge found to be fit, and erred in finding respondent New Jersey Division of Child Protection and Permanency (Division) proved prongs three

---

[1] We use fictitious names to identify defendants and the children. R. 1:38-3(d)(12). We shall sometimes collectively refer to Karen and Thomas as defendants.

and four of N.J.S.A. 30:4C-15.1(a) by clear and convincing evidence. Thomas contends the judge erred in finding the Division proved all four statutory prongs by clear and convincing evidence. We affirm as to both defendants.

We will not recite in detail the history of the Division's involvement with the family. Instead, we incorporate by reference the factual findings set forth in Judge Robert A. Fall's comprehensive written opinion, dated May 3, 2017. We add the following comments.

Defendants have eight other children who are not involved in this appeal, Ty.F., born in 1997; M.F.,[2] born in 1999; Je.F., born in 2001; A.F., born in 2002; Ja.F., born in 2004; Em.F., born in 2005; C.F., born in 2007; and N.F., born in 2009. The family was involved with the Department of Children and Families of the Commonwealth of Massachusetts from 2005 to 2012. They moved to New Jersey in March 2012, and became involved with the Division in June 2012.

In December 2012, the Division instituted a Title 9 action based on its concerns about defendants' ability to care for the children, and because of

---

[2] Ty.F was nineteen years old and M.F. was eighteen when the trial commenced in December 2016.

Thomas's mental health issues and prior suicide attempt and Karen's use of medications or other substances.

In January 2013, the court ordered a Dodd removal[3] of all ten children. The Division provided an array of services to the family thereafter, including psychiatric, psychological, and substance abuse evaluations. In September 2013, defendants were reunited with Ty.F., M.F., Je.F., and A.F., with a goal of reunification with the six other children. The Division continued providing services to the family; however, there were concerns about defendants' ability to care for the four children. In November 2013, Elizabeth and Wyatt were placed in a resource home, where they remained.

The matter proceeded to a guardianship action. In February 2016, Ja.F. and Em.F. were reunified with defendants, leaving C.F., N.F., Elizabeth and Wyatt subject to the guardianship proceeding. Following a guardianship trial, Judge Fall dismissed the guardianship complaint as to C.F. and N.F., and ordered the Division to develop a reunification plan for their return to defendants. The

---

[3] "A 'Dodd removal' refers to the emergency removal of a child from the home without a court order pursuant to the Dodd Act, which, as amended, is found at N.J.S.A. 9:6-8.21 to -8.82. The Act was authored by former Senate President Frank J. 'Pat' Dodd in 1974." N.J. Div. of Youth & Family Servs. v. N.S., 412 N.J. Super. 593, 60i n.2 (App. Div. 2010).

judge entered judgment terminating defendants' parental rights to Elizabeth and Wyatt.

Judge Fall reviewed the evidence presented at the trial, made meticulous factual findings as to each prong of N.J.S.A. 30:4C-15.1(a), and thereafter concluded the Division met by clear and convincing evidence all of the legal requirements for a judgment of guardianship as to both defendants. The judge's opinion tracks the statutory requirements of N.J.S.A. 30:4C-15.1(a), accords with N.J. Div. of Youth & Family Servs. v. F.M., 211 N.J. 420 (2012), N.J. Div. of Youth & Family Servs. v. E.P., 196 N.J. 88 (2008), In re Guardianship of K.H.O., 161 N.J. 337 (1999), In re Guardianship of D.M.H., 161 N.J. 365 (1999), and N.J. Div. of Youth & Family Servs. v. A.W., 103 N.J. 591 (1986), and is supported by the record. F.M., 211 N.J. at 448-49. We affirm substantially for the reasons Judge Fall expressed in his cogent written opinion. However, we make the following brief comments.

Although defendants may be capable of serving as safe and suitable caretakers for their older children, the record amply supports Judge Fall's conclusion that termination is in the best interests of Elizabeth and Wyatt. The judge carefully distinguished the circumstances of Elizabeth and Wyatt from

5

C.F. and N.F., and observed that even defendants' experts did not endorse reunification.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3960-16T1